## ROBERT STIMPSON, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

RAILROADS.—FENCING TRACK.—INJURIES TO LIVE STOCK.—In this case the two judges who decided the case seem to have differed either upon the construction of the law, or upon the facts shown by the record, and the reporter is unable to ascertain what the court did decide and hence refers to the subjoined opinion.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The evidence in the record showed that the horse was killed in a thickly settled region, fully occupied, except in places which were rendered unfit for cultivation by the overflow of the river. But at the particular point where

the horse was found dead there was no house or culti-
vated land nearer than a quarter of a mile.

*Messrs. Williams and Van Cott,* for the appellants.

*Messrs. Painter and Murphy,* for the respondent.

BLACKBURN, J.:

In this case trial before a jury was had, a verdict was
returned for the plaintiff, a motion made for a new trial,
the motion overruled, and judgment on the verdict, and
appeal taken. The appeal is both from the order over-
ruling the motion for a new trial and the judgment.

The suit was for killing a horse by the engine of the
defendant. The evidence was substantially as follows:
The railroad track was not fenced where the horse was
killed. The land where the killing was done was claimed
to be owned by a private individual, but of that there was
no evidence; was not fenced or cultivated; and there was
no improvement on the land nearer than a quarter of a
mile off in one direction, and more than that every other
way; otherwise the country was wild, uncultivated, and
used only as range; cattle and horses ran upon and
roamed over it. No other negligence is charged against
the defendant company than that it failed to fence its
track where the horse was killed. The plaintiff bases his
right to recover entirely upon a statute of the territorial
legislature of 1890, which reads as follows: "Each and
every railway or railroad corporation operating a railroad
or any part of a railroad within this Territory is hereby
required to erect within ninety days after the approval
of this act, and thereafter to maintain, a good and lawful
fence on each side of such railroad where such railroad
passes through lands owned and settled or occupied by
private owners, with good and sufficient cattle guards at
all streets or road crossings, to prevent live stock from

getting upon such railroad; and any corporation failing to build and maintain such fences and cattle guards as aforesaid shall be liable to the full value of all damages sustained by the owner or owners of any live stock killed or injured by the engine or cars of such corporation, with interest on such damages from the date of killing or injuring of such live stock." Among other things, the court instructed the jury as follows: (6) " By the expression, ' where the railroad passes through lands owned and settled by private owners,' is meant that the premises at the point of the alleged injury next to and adjoining the defendant's right of way are owned by a private person or private persons jointly, and also that such person or persons reside thereon, or occupy it to such an extent that, by looking and examining, such premises can be seen to be practically in the possession of private persons residing thereon or occupying it. And by the expression, ' where the railroad passes through land owned by private owners,' is meant that such premises are owned by private persons, and actually in the possession of some person or persons jointly, either by improvement or farming the same, or using the premises for pasture, or otherwise, in such a way that by looking and examining there seems to be a practical use and actual occupation of the lands. And if you believe from the evidence that next to and adjoining the defendant's right of way at the point of the alleged injury the lands are not used and owned and settled by private persons, as before stated, or are not owned and occupied by private persons, as before stated, then your verdict should be for defendant. It would not be necessary, however, for the owner to live upon the land. He could have a tenant live upon or occupy it, and it would be within the statute, or he could occupy it without being on it, if he used it." No fault is found with the instructions. The only contention of the appellant is that the evidence does not support the verdict.

We think this contention is well taken. The instructions of the court, whether a correct interpretation of the statute or not, were the law of the case, and should have governed the jury. But it seems to have wholly disregarded them, for there is not one whit of proper evidence in the record that the land adjoining the right of way of the defendant was owned by a private person or persons. The only evidence touching on that point is the statement of the plaintiff that a certain man, naming him, told him he owned it; not a very effective way of proving ownership of land unoccupied and in the actual possession of no one. And there is no evidence to show that the land was in possession or occupied by any one; on the contrary, the uncontradicted evidence shows affirmatively that the land adjoining the right of way where the injury occurred, and in the immediate neighborhood, was wild, uncultivated, and unoccupied, and lying open to the use of the public. Therefore we think the judgment ought to be reversed and remanded, and a new trial granted.

Chief Justice ZANE dissents from this opinion, and thinks this case ought to be affirmed, because the evidence shows it was a thickly settled region and the decision ought not to be based upon such a narrow construction of the law. The court being equally divided this judgment is affirmed.